**Rudy Ramos ESQUIVEL, Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellee.**

No. 85–2074.

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1985.

Rehearing and Rehearing En Banc Denied Dec. 20, 1985.

Will Gray, Houston, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before REAVLEY, POLITZ, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Under capital sentence for the murder of a police officer, Texas state prisoner Rudy Ramos Esquivel appeals the denial of his petition for habeas corpus, 28 U.S.C. § 2254. Being in full accord with the trial court's ruling, we affirm.

Esquivel was indicted in 1978 for the murder of Houston police officer Timothy Hearn during an incident in which Esquivel also wounded Hearn's partner, officer Murry Jordan. Esquivel pleaded self-defense and presented witnesses in support of that claim. The jury convicted him and sentenced him to death. The Texas Court of Criminal Appeals, *en banc*, affirmed the conviction and sentence, 595 S.W.2d 516 (1980), and the Supreme Court denied certiorari, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). Esquivel sought post-conviction review in the Texas courts and, after an evidentiary hearing, was denied relief.

With state remedies exhausted, Esquivel invoked 28 U.S.C. § 2254 seeking a federal writ of habeas corpus. After a hearing before a magistrate, the district court denied the writ but granted a certificate of probable cause.

■ On appeal Esquivel claims that his trial was constitutionally infirm because the state trial judge would not permit his counsel to interrogate prospective jurors during voir dire as to their understanding of the words "deliberately" and "probability" as used in Tex.Code Crim.Proc.Ann. art. 37.071(b)(1) & (2) (Vernon 1981).[1] We recently addressed that contention and held contrary to the position now urged by Esquivel. Our holding in *Milton v. Procunier*, 744 F.2d 1091 (5th Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2050, 85 L.Ed.2d 323, *reh. denied*, —— U.S. ——, 105 S.Ct. 2667, 86 L.Ed.2d 283 (1985), resolves this issue and forecloses this argument. Esquivel's trial was not fatally tainted by the challenged cabining of the voir dire examination.

■ Esquivel's second claim is that the Texas death-penalty scheme does not pass constitutional muster because it fails to provide the jury with adequate guidance in its consideration of mitigating circumstances. It cannot be gainsaid that to be constitutional a death-penalty statute must permit a jury to consider mitigating factors during the penalty phase of a capital trial. Esquivel's argument that the Texas statute, generally, and the procedure followed in his trial, in particular, contravened the Constitution ignores controlling precedent and the record of this case. The Texas statute was reviewed and approved by the Supreme Court. *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). On the fact side of the ledger, it appears certain that the jury did consider the mitigating self-defense factors Esquivel now advances. As required by Tex.Code Crim. Proc.Ann. art. 37.071(b)(3) (Vernon 1981), during the sentencing phase the jury was asked "whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, of the deceased." The jury answered that inquiry adverse to Esquivel.

---

**1.** Tex.Code Crim.Proc.Ann. art. 37.071(b)(1) & (2) (Vernon 1981) provides:

(b) On conclusion of the presentation of the evidence, the court shall submit the following issues to the jury:

    (1) whether the conduct of the defendant that caused the death of the deceased was committed *deliberately* and with the reasonable expectation that the death of the deceased or another would result;

    (2) whether there is a *probability* that the defendant would commit criminal acts of violence that would constitute a continuing threat to society.... (Emphasis added.)

Esquivel seeks to buttress and shield his argument by maintaining that in the absence of detailed instructions guiding its consideration of mitigating factors, a jury will be disposed to focus improperly on aggravating factors. This argument is foreclosed by *Zant v. Stephens,* 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983), wherein the Supreme Court held that the Constitution does not require trial judges to guide jury consideration of aggravating and mitigating circumstances by specifically instructing jurors on how to balance those circumstances. *See also id.* at 893, 103 S.Ct. at 2751, 77 L.Ed.2d at 260 (Rehnquist, J., concurring in the judgment); *see. generally* Weisberg, *Deregulating Death,* 1983 Sup.Ct.Rev. 305 (criticizing *Zant*). *Zant* validated our precedents in which we have found this claim to be frivolous. *See e.g., Sonnier v. Maggio,* 720 F.2d 401 (5th Cir.1983), *cert. denied,* 465 U.S. 1051, 104 S.Ct. 1331, 79 L.Ed.2d 726 (1984); *Gray v. Lucas,* 677 F.2d 1086 (5th Cir.1982), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1886, 76 L.Ed.2d 815, *reh. denied,* 462 U.S. 1124, 103 S.Ct. 3099, 77 L.Ed.2d 1357 (1983).

Our decision today upholding the Texas capital sentencing scheme is compelled by *Jurek* and *Zant* and is consistent with our dictum in *Spivey v. Zant,* 661 F.2d 464, 471 & n. 10 (5th Cir.1981), *cert. denied,* 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982), in which we referred to Tex.Code Crim.Proc.Ann. art. 37.071(b) as providing juries with the "requisite guidance ... without explicit discussion of mitigating circumstances."

The judgment of the district court is, accordingly, AFFIRMED.